[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13687
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-02683-SCJ

BRENDA KNOTT,

Plaintiff-Appellant,

versus

DEKALB COUNTY SCHOOL SYSTEM,
Ramona Tyson, Interim Superintendent,

Defendant,

DEKALB COUNTY SCHOOL DISTRICT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 18, 2015)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Brenda Knott, pro se, appeals from the district court's grant of summary judgment in favor of DeKalb County School District ("DeKalb County") on her employment Title VII retaliation claim filed pursuant to 42 U.S.C. § 2000e-3(a). On appeal, Knott argues that: (1) the district court erred in granting summary judgment in favor of DeKalb County because she established a prima facie case of retaliation by showing that DeKalb County did not renew her teaching contract after she reported gender discrimination by the high school's principal; (2) she also showed that DeKalb County's reasons for non-renewal of her contract were pretext for retaliation; and (3) the district court erred by concluding that DeKalb County had preserved its defense that Knott had failed to satisfy a condition precedent by not filing a timely charge with the EEOC. After careful review, we affirm.

We review a district court's order granting summary judgment de novo. Brooks v. Cnty. Comm'n, 446 F.3d 1160, 1161-62 (11th Cir. 2006). Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law, viewing all of the facts in the record in the light most favorable to the non-moving party. Id.; see also Fed.R.Civ.P. 56(a). A genuine factual dispute exists if a jury could return a verdict for the non-moving party. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004).

Title VII prohibits an employer from discriminating against an employee because the employee "opposed any practice" made unlawful by Title VII (the "opposition clause"), or "made a charge, testified, assisted, or participated in" a Title VII proceeding or investigation (the "participation clause"). 42 U.S.C. § 2000e-3(a). Absent direct evidence of discrimination, when analyzing claims for retaliation, we employ the analytical framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Bryant v. Jones, 575 F.3d 1281, 1307 (11th Cir. 2009). Under this framework, the plaintiff must first establish a prima facie case of retaliation. Id. Once a plaintiff establishes a prima facie case of retaliation, the burden shifts to the defendant to rebut the presumption by articulating a legitimate, non-discriminatory reason for the adverse employment action. Id. at 1308. The plaintiff then has an opportunity to demonstrate that the defendant's proffered reason was pretext for discrimination. Id.

In order to establish a prima facie case of retaliation, a plaintiff may show that: (1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment action; and (3) she established a causal link between the protected activity and the adverse action. Id. at 1307-08. Where a plaintiff is engaged in protected conduct pursuant to the "opposition clause," a plaintiff need not prove that the underlying discriminatory conduct that she opposed was actually unlawful, but rather must show that she had a good faith, reasonable belief that the employer

3

was engaged in unlawful employment practices. Little v. United Techs., Carrier Transicold Div., 103 F.3d 956, 960 (11th Cir. 1997). A plaintiff must not only show that she subjectively, in good faith, believed that her employer was engaged in unlawful employment practices, but also that her belief was objectively reasonable in light of the facts and record. Id. We have previously said that a plaintiff did not satisfy the objective reasonableness inquiry where the plaintiff failed to cite any statutory or case law that could reasonably be believed to support the plaintiff's claim. Dixon v. Hallmark Cos., 627 F.3d 849, 857 (11th Cir. 2010). Unfair treatment, absent discrimination based on race, sex, or national origin, is not an unlawful employment practice under Title VII. Coutu v. Martin County Bd. of County Com'rs, 47 F.3d 1068, 1074 (11th Cir. 1995).

To establish pretext, the plaintiff may demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." Combs v. Plantation Patterns, Meadowcraft, Inc., 106 F.3d 1519, 1538 (11th Cir. 1997) (quotation omitted). "But a reason cannot be proved to be a 'pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993) (emphases omitted). Accordingly, it is not

4

enough to "disbelieve the employer; the factfinder must believe the plaintiff's explanation of intentional discrimination." Id. at 519 (emphases omitted).

In this case, the district court did not err in concluding that Knott failed to establish a prima facie case of retaliation.  For starters, although Knott filed an EEOC charge, it was not until after DeKalb County failed to renew her contract.  Therefore, for Knott to succeed on her prima facie case of retaliation, she must proceed under the opposition clause and establish that she had a good faith, objectively reasonable belief that DeKalb County discriminated against her based on her gender.  See Little, 103 F.3d at 960.  Although Knott alleges she in good faith and subjectively believed that Principal James Jackson discriminated against her based on her gender because of his hostility towards her, she failed to provide any evidence that this was an objectively reasonable belief.  Knott alleged that Jackson demonstrated that hostility towards her by excessively monitoring her classroom, failing to provide her with a prompt and sufficient orientation, calling a conference with a student and parent without consulting Knott or attending himself, and referring Knott to two teacher support programs.  However, these allegations reflect only potentially unfair treatment, which is not actionable under Title VII. Coutu, 47 F.3d at 1074.

The only evidence Knott provides that Jackson's actions were based on her gender was the fact that Jackson had originally hired a male for the position that

she filled.  But this does not lead to an objectively reasonable conclusion that she was discriminated against on the basis of her gender.  Nor does she cite to any statutory or case law that could reasonably be believed to support her claim. See Dixon, 627 F.3d at 857.

The district court also correctly concluded that Knott failed to rebut DeKalb County's legitimate non-discriminatory reasons for the non-renewal of her contract.  As the record shows, DeKalb County stated numerous reasons for the non-renewal of Knott's contract -- including the deficiencies noted in her classroom instruction, her failure to adhere to the GPS, her failure to abide by the PDP requirements, her insubordination by not meeting with administrative personnel regarding the MTE program, and the numerous complaints by students and parents.  Knott has not offered any evidence that DeKalb County's proffered reasons were false and that discrimination was the real reason.  See Hicks, 509 U.S. at 515.  Instead, she has provided a summary of the events that led up to the non-renewal of her contract, but does not explain how this conduct evidences that DeKalb County's motivation for her non-renewal was retaliatory. Knott also alleges that DeKalb County failed to follow its own policies and procedures, but does not offer any evidence of this other than her conclusory allegations.  Accordingly, because Knott failed to establish either a prima facie case of retaliation or that DeKalb County's stated reasons for the non-renewal of her

6

contract were pretext for retaliation, we need not reach Knott's argument regarding the timeliness of her EEOC charge.

**AFFIRMED**.